# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-3423

Cassandra and Edward Brown,

    Plaintiffs/Movants,

AC AutoPay, LLC,

    Defendant.

## COMPLAINT

For this Complaint, the Plaintiffs, Cassandra and Edward Brown, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiffs, Cassandra and Edward Brown ("Cassandra," "Edward" and together as "Plaintiffs"), are adult individuals residing in Denver, Colorado, and each is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. Defendant AC AutoPay, LLC ("AC"), is a Colorado business entity with an address of 1147 Broadway, Suite 100, Denver, Colorado 80203, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## FACTS

5. Within the last year, AC contacted Plaintiffs in an attempt to collect a consumer debt allegedly owed by Edward.

6. At all times mentioned herein, AC called Cassandra's cellular telephone, number 720-xxx-4681, and Edward's cellular telephone, number 720-xxx 4606, by using an automated telephone dialer system ("ATDS").

7. When Plaintiffs answered calls from AC, they were met with a period of silence before the calls were disconnected.

8. During live conversations with AC in or around January 2014, both Plaintiffs demanded that all communication to their cellular telephone numbers cease.

9. Despite the foregoing, AC continued to call Plaintiffs at an annoying and harassing rate.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

10. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

11. At all times mentioned herein and within the last year, AC called Plaintiffs on their cellular telephones using an ATDS or predictive dialer.

12. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or

a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

13. AC's telephone systems have some earmarks of a Predictive Dialer.

14. Often times when Plaintiffs answered the phone, they were met with a period of silence before AC's telephone system would disconnect the calls.

15. AC's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16. AC continued calling Plaintiffs by means of automatic telephone calls to their cellular phones knowing that it lacked consent to call their numbers. As such, each call placed to Plaintiffs were made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. The telephone numbers called by AC were assigned to a cellular telephone service for which Plaintiffs incur charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18. The calls from AC to Plaintiffs were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Plaintiffs are entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiffs are entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully pray that judgment be awarded in his favor and against the Defendant as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 19, 2014

                                                  Respectfully submitted,

                                                  By  */s/ Jenny DeFrancisco*

                                                  Jenny DeFrancisco, Esq.
CT Bar No.: 432383
LEMBERG LAW LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-mail: jdefrancisco@lemberglaw.co
*Attorneys for Plaintiffs*

Plaintiff:
Cassandra and Edward Brown
4735 W 7th Ave
Denver, CO 80204